UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WILSON ERIC CUEVAS,

                    Plaintiff,

    -against-                          *SUA SPONTE* REPORT AND
                                                       RECOMMENDATION
JOHN ULMER, MICHAEL KREISMER, AND
JAMES SARVIS,                                    No. 19-CV-04285-EK-JRC

                    Defendants.
------------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

       On July 24, 2019, plaintiff Wilson Eric Cuevas ("plaintiff") initiated the instant action *pro se* pursuant to 42 U.S.C. § 1983 against John and Jane Doe New York City Police Detectives, the New York City Policy Department 73rd Precinct ("NYPD"), and Detective John Ulmer. *See* Compl., Dkt. 1. On March 12, 2020, the Court granted plaintiff's motion to proceed *in forma pauperis*, dismissed plaintiff claims against the NYPD, directed the U.S. Marshals Service to serve Detective Ulmer, and directed the Corporation Counsel of the City of New York to identify the John and Jane Doe Detectives allegedly involved in the case. *See* Order dated March 12, 2020, Dkt. 6. The John and Jane Doe Detectives were identified as Sergeant Michael Kreismer and Detective James Sarvis. *See* Order dated August 25, 2020, Dkt. 20.

       By November 12, 2021, The Honorable Eric R. Komitee granted defendants Ulmer, Kreismer and Sarvis (collectively, "defendants") permission to file a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and established a briefing schedule. *See* Dkt. 33. In compliance with that schedule, defendants filed their motion to dismiss on December 17, 2021. *See* Dkt. 34.

       On April 9, 2022, The Honorable Eric R. Komitee referred defendants' motion to dismiss to this Court for a report and recommendation. *See* Order Referring Motion dated April 9, 2022. For the following reasons, this Court respectfully recommends **dismissing** plaintiff's case for

failure to prosecute and failure to comply with court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**Relevant Background**

On September 7, 2021, defendants requested a pre-motion conference in connection with their anticipated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Dkt. 32.  In response to defendants' request, on September 9 and 17, 2021, the Court entered Orders informing plaintiff that he is "required" to respond to defendants' pre-motion letter and directing him to respond.  *See* Dkt. entry dated September 9, 2021; Order dated September 17, 2021.  When plaintiff failed to respond or otherwise file anything with the Court, Judge Komitee scheduled a pre-motion conference for November 12, 2021.  *See* Dkt. entry dated October 18, 2021.

On November 12, 2021, the Court held a pre-motion conference in connection with defendants' anticipated motion to dismiss.  Plaintiff appeared for the conference.  As a result of the conference, the Court granted defendants permission to file a motion to dismiss by December 17, 2021 and directed plaintiff to respond to defendants' motion by January 18, 2022.  *See* Dkt. 33.

Defendants timely filed their motion to dismiss on December 17, 2021, *see* Dkts. 34-36, and mailed the motion to plaintiff at the address listed on the docket.  *See* Notice of Motion, Dkt. 34 at 2.  Plaintiff failed to file any opposition papers to defendants' motion.  On January 31, 2022, defendants asked the Court to treat defendants' motion as unopposed.  *See* Dkt. 37.  In light of plaintiff's *pro se* status, Judge Komitee gave plaintiff another opportunity to respond to defendants' motion by February 15, 2022, and stated that "[i]f the [p]laintiff does not file an opposition by this date, the Court will deem the motion fully briefed."  *See* Dkt. entry dated February 1, 2022.  Plaintiff again failed to file any opposition papers to defendants' motion, or to

otherwise file any response with the Court. On February 22, 2022, Judge Komitee deemed defendants' motion to be fully briefed, and on April 9, 2022, Judge Komitee referred defendants' motion to dismiss to this Court for a report and recommendation. *See* Order Referring Motion dated April 9, 2022.

A review of the docket entries indicates that plaintiff has not taken any action in this case since defendants filed their motion to dismiss more than eight months ago. In light of plaintiff's absence, this Court gave plaintiff another opportunity to respond to defendants' motion by May 31, 2022. *See* Dkt. entry dated May 16, 2022. This Court also issued the following warning to plaintiff:

> Plaintiff is hereby warned that a failure to comply with this Order may result in a report and recommendation to District Judge Komitee that this case be dismissed for failure to prosecute and failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b).

*Id*.

On May 17, 2022, defendants' counsel served a copy of the May 16, 2022 Order on plaintiff by mail at the address listed on the docket, and by email. *See* Declaration of Service, Dkt. 38. Plaintiff again failed to respond to the motion or otherwise file anything with the Court.

On June 1, 2022, in light of plaintiff's continued absence, this Court scheduled a hearing on defendants' motion for June 28, 2022. *See* Dkt. entry dated June 1, 2022. This Court ordered the parties, including plaintiff, to appear for the hearing. *Id*. This Court also issued the following warning to plaintiff:

> Plaintiff is advised that continued noncompliance will result in a report and recommendation to District Judge that this case be dismissed for failure to prosecute and failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

*Id*.

On June 2, 2022, defendants' counsel informed the Court that plaintiff may not be able to

3

receive mail at the address listed on the docket, however, plaintiff maintained access to email. *See* Dkt. 39. In light of this information, on June 3, 2022, the Court ordered defendants to serve plaintiff via email with a reminder to appear at the June 28, 2022 hearing. *See* Dkt. entry dated June 3, 2022. The Court issued an additional warning that plaintiff's "failure to appear may result in a recommendation to the District Judge that this case be dismissed for failure to prosecute and failure to comply with Court orders." *Id*. On June 3, 2022, defendants' counsel served a copy of the June 1, 2022 Order and June 3, 2022 Order on plaintiff via email. *See* Declarations of Service, Dkts. 41, 42. Plaintiff failed to appear at the June 28, 2022 hearing. Prior to the June 28th hearing, counsel for defendants had talked to plaintiff by telephone reminding him of the hearing. *See* Dkt. entry dated June 28, 2022.

At the June 28, 2022 hearing, the Court scheduled a *second* hearing for July 20, 2022 as "one final opportunity [for plaintiff] to participate in these proceedings." *See* Dkt. entry dated June 28, 2022. The Court ordered the parties, including plaintiff, to appear for the July 20th hearing. *Id*. The Court once again warned that plaintiff's "failure to appear may result in a recommendation to the District Judge that this case be dismissed for failure to prosecute and failure to comply with Court orders." *Id*.

On June 30, 2022, defendants' counsel served a copy of the June 28, 2022 Order on plaintiff by email. *See* Declaration of Service, Dkt. 43. Plaintiff failed to appear at the July 20, 2022 hearing.

At the July 20, 2022 hearing, "[i]n light of Mr. Cuevas's failure to appear" the Court noted that it "anticipated recommending to the District Judge that this case be dismissed for failure to prosecute and failure to comply with Court orders." *See* Dkt. entry dated July 20, 2022. Defendants' counsel also informed the Court that he had talked to plaintiff by telephone on June 28, 2022 to remind him of the July 20th conference. *See id.* Plaintiff had also confirmed

4

receipt by email of the order scheduling the July 20th conference. *See id*.

Despite this Court's Orders dated May 16, 2022, June 1, June 3, June 28, and July 20 -- all of which included warnings to plaintiff that noncompliance with court orders could result in dismissal of his action for failure to prosecute and failure to comply with court orders -- plaintiff has not taken any action to prosecute his claims and has not demonstrated any interest in pursuing this action.

## Discussion

"A district court has the inherent power to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Stanford v. R.C. Doliner, Inc.*, No. 01-CV-1052, 2001 WL 1502554, at *1 (S.D.N.Y. Oct. 19, 2001). Courts have this power "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Lewis v. Cavanaugh*, No. 10-CV-112, 2019 WL 340742, at *2 (D. Conn. Jan. 28, 2019), *aff'd sub nom. Lewis v. Cavanugh*, 821 F. App'x 64 (2d Cir. 2020). "[S]uch dismissals may be made *sua sponte*" by the Court. *See Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012). "While [courts are] ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862-63 (2d Cir. 2014) (internal citations and quotations omitted) (noting that the "liberal *pro se* practice is a shield against the technical requirements . . . not a sword with which to insult a trial judge" (internal citations and quotations omitted)); *see also Melendez v. City of New York*, No. 12-CV-9241, 2014 WL 6865697, at *2 (S.D.N.Y. Dec. 4, 2014) (collecting cases where courts have dismissed *pro se* plaintiffs' claims for failure to prosecute). To determine whether to dismiss for lack of prosecution, courts consider the following five factors:

5

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. No single factor is generally dispositive.

*Zappin v. Doyle,* 756 F. App'x 110, 112 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)); *see also Ruzsa v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176, 177 (2d Cir. 2008); *Jefferson v. Rosenblatt*, No. 13-CV-5918, 2018 WL 3812441, at *3 (E.D.N.Y. Aug. 10, 2018). As discussed below, these five factors favor dismissal of this action.

First, plaintiff's inaction has caused undue delay in this case. In fact, since at least the time that defendants filed their motion to dismiss in December 2021, plaintiff has done nothing to prosecute this action. Further, plaintiff ignored the following court orders entered in connection with defendants' motion to dismiss: Order dated September 9, 2021 directing plaintiff to respond to defendants' pre-motion letter; Order dated September 17, 2021 giving plaintiff additional time to respond to defendants' pre-motion letter; Order dated November 12, 2021 setting a briefing schedule; Order dated February 1, 2022 giving plaintiff extra time to respond to defendants' motion after plaintiff failed to respond or otherwise file anything with the Court; Order dated May 16, 2022 giving plaintiff additional time to respond to defendants' motion after plaintiff again failed to respond or otherwise file anything with the Court.

Plaintiff further disregarded orders to appear for hearings on June 28, 2022 and on July 20, 2022. *See* Orders dated June 1 and 3, 2022; Order dated June 28, 2022.

More than eight months have passed since defendants filed their motion to dismiss, and more than three months since plaintiff was warned that this action could be dismissed for failure to prosecute and failure to comply with court orders. The first factor -- the delay caused by plaintiff's inaction -- weighs in favor of dismissal. *See Ruzsa*, 520 F.3d at 177-78 (upholding

6

dismissal where party caused seven-month delay); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980) (upholding dismissal where party caused six-month delay).

Second, the Court's Orders dated May 16, 2022, June 1, June 3, June 28, and July 20, 2022 put plaintiff on notice that failure to comply with the court orders could result in dismissal. Plaintiff failed to comply with any of the orders and missed all of the scheduled hearings. The second factor weighs in favor of dismissal.

Third, any further delay would prejudice defendants. Defendants have the burden of defending this action and acknowledging that they are defendants in a lawsuit as long as this case remains active. Defendants have an interest in having an open case against them closed where plaintiff has not taken any necessary steps to pursue the case. Further, if this case were to continue, defendants' motion to dismiss could be denied without knowing whether plaintiff would even continue to prosecute the case. To the extent any prejudice to defendants could be avoided by holding any decision on defendants' motion in abeyance to give plaintiff an opportunity to re-appear, this would merely shift the burden of plaintiff's failure to pursue this action to the Court and inevitably would prevent the Court from managing its docket in a reasonable manner. The third factor weighs in favor of dismissal.

Fourth, the Court has a significant interest in managing its docket while giving plaintiff an opportunity to have his day in court. The Court already has given plaintiff multiple opportunities to respond to defendants' motion, which plaintiff failed to heed, has held two motion hearings where plaintiff failed to appear, and has repeatedly warned plaintiff that his action could be dismissed for failure to prosecute and failure to comply with Court orders. Plaintiff has repeatedly ignored court orders and has failed to appear at the hearings. This Court has provided plaintiff ample opportunity to pursue this action, participate in these proceedings, and have his interests heard. This case is now more than three years old and plaintiff has not

prosecuted his case, nor complied with court orders. Plaintiff has chosen to squander multiple chances to have his case heard. The fourth factor weighs in favor of dismissal.

Finally, plaintiff's repeated failure to comply with court orders warning him of the possibility of dismissal demonstrates that lesser sanctions would be ineffective. *See Jackson v. Mostofsky*, No. 19-CV-699, 2020 WL 3316018, at *2 (E.D.N.Y. June 18, 2020) (holding that "no lesser sanction will be effective in moving this action forward" and that "[g]iven [P]laintiff's *in forma pauperis* status, [m]onetary sanctions cannot be relied on because the plaintiff is indigent" (citations and quotations omitted)); *see also Ruzsa*, 520 F.3d at 178 (holding that "it is . . . unclear that a 'lesser sanction' would have proved effective" in light of plaintiff's failure to respond to district court's notice). Here, the Court previously granted plaintiff *in forma pauperis* status and this Court lacks confidence that any sanctions -- monetary or otherwise -- short of dismissal would compel plaintiff to re-appear in this action. The fifth factor weighs in favor of dismissal.

Under these circumstances, this Court respectfully recommends that the District Court dismiss the case with prejudice for lack of prosecution and failure to comply with court orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Jackson*, 2020 WL 3316018, at *2 (dismissing *pro se* complaint for failure to prosecute); *Reese v. Quay*, No. 18-CV-71, 2018 WL 4288636, at *2 (E.D.N.Y. Sept. 7, 2018) (same); *see also Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (affirming dismissal of *pro se* complaint for failure to prosecute).

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs defendants' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to plaintiff at his last known address and by email, and to file proof of service on ECF by **September 1, 2022**.

Any objections to the recommendations made in this Report must be filed with The

8

Honorable Eric R. Komitee within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 13, 2022**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

    **SO ORDERED**

Dated: Brooklyn, New York
       August 30, 2022

                                              s/ James R. Cho
                                              James R. Cho
                                              United States Magistrate Judge